IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br><br> SAFETY-KLEEN, *et al.*, <br><br>———————————————————— <br><br> CLEAN HARBORS, INC., <br><br> Appellant, <br><br> v. <br><br> ARKEMA, INC., f/k/a ATOFINA CHEMICAL, INC., and also f/k/a ELF ATOCHEM NORTH AMERICA, INC., HELEN KRAMER LANDFILL SUPERFUND SITE GROUP, and BALLARD, SPAHR, ANDREWS & INGERSOLL, LLP,[1] <br><br> Appellees. | Civil Action No. 08-87 <br><br><br> Bankruptcy Case No. 00-02303 (PJW) <br> Adv. Pro. No. 05-50474 <br> Bankruptcy Appeal No. 08-3 |

**JOINT UNOPPOSED MOTION OF APPELLANT AND APPELLEES
FOR MODIFICATION OF JUDGMENT**

Appellant/Plaintiff Clean Harbors, Inc. ("Clean Harbors") and defendants/appellees (collectively, "Defendants") Arkema, Inc. ("Arkema") and the Helen Kramer Landfill Superfund Site Group (the "Site Group"), by their undersigned counsel, hereby move this Honorable Court for modification of the judgment below, as set forth in the order attached hereto as Exhibit "A" (the "Proposed Order"), and in support thereof aver as follows:

---

[1] Ballard Spahr Andrews & Ingersoll, LLP was dismissed as a defendant in this adversary proceeding as a result of the dismissal of Count III of Clean Harbors Adversary Complaint pursuant to the Bankruptcy Court's Order and Memorandum Opinion, each dated October 19, 2005. *See* Adv. D.I. 15 & 16

## INTRODUCTION

1.     In a sale (the "Sale")[2] under 11 U.S.C. § 363, plaintiff/appellant Clean Harbors purchased substantially all of the assets of the Chemical Services Division (the "CSD") of Safety-Kleen Corp and certain affiliated entities (collectively, the "Debtors").

2.     In the Sale Order, the Bankruptcy Court authorized the Debtors to enter into the Acquisition Agreement by and between Safety-Kleen Services, Inc., as Seller, and Clean Harbors, Inc., as Purchaser, dated as of February 22, 2002 (the "Acquisition Agreement"). Exhibit D-15, ¶¶ 1-41 at 13-32.

3.     In the Adversary Proceeding before the Bankruptcy Court, Defendants contended that, in the context of the Sale, Clean Harbors assumed liabilities (the "Helen Kramer Landfill Liabilities") to Defendants relating to a site known as the "Helen Kramer Landfill." Clean Harbors disputed this contention. The parties' respective contentions were reflected in a Complaint and Answer and Counterclaim, which sought declaratory judgments relating to the whether Clean Harbors assumed the Helen Kramer Landfill Liabilities under the Acquisition Agreement and Sale Order.

---

[2] The Bankruptcy Court approved the Sale in an Order (I) Authorizing and Approving (A) Sale of Substantially All of the Assets and Certain Equity Interests of the Debtors' Chemical Services Division to Clean Harbors, Inc., Free and Clear of Liens, Claims, Encumbrances and Interests, and (B) Assumption and Assignment of Certain Related Executory Contracts and Unexpired Leases, and (II) Determining that Such Sale is Exempt from any Stamp, Transfer, Recording, or Similar Tax, and (III) Granting Related Relief (the "Sale Order") [D.I. 4932], Exhibit D-15, dated June 18, 2002.

## THE PROCEEDINGS BELOW

4.  After trial, the Bankruptcy Court, on January 3, 2008, entered an opinion and order (collectively, the "Judgment"), finding in favor of Defendants, and concluding that Clean Harbors had assumed the Helen Kramer Landfill Liabilities.

5.  Clean Harbors filed a timely appeal of the Judgment, among other reasons because it felt the Judgment was arguably not limited to the Helen Kramer Landfill Liabilities, but could be read to impose more general successor liability on Clean Harbors.

## THE SETTLEMENT

6.  Clean Harbors and Defendants have agreed to a settlement, the material economic terms of which are as follows:

    a.  Clean Harbors will pay to Arkema the sum of $1,250,000; and

    b.  Clean Harbors will pay to the Site Group the sum of $2,251,620.70.

7.  The practical effect of this settlement is to implement the Judgment insofar as it relates to the Helen Kramer Landfill Liability, which is the only relief sought by Defendants.

8.  The Judgment, however, is arguably broader than is necessary to afford to Defendants complete relief. Accordingly, concurrently with the settlement, the parties have agreed to jointly request that this Court enter an order that modifies the Judgment insofar as it can be read to hold that Clean Harbors is a successor to the Debtors, instead limiting the effect of the Judgment to holding that Clean Harbors is liable to Defendants because the Helen Kramer Landfill appears on Exhibit "A" to the Sale Order, and not because Clean Harbors is a successor to the Debtors.

## THE COURT SHOULD ENTER THE PROPOSED ORDER

9. Federal Rule of Bankruptcy Procedure 8012 states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

Fed. R. Bank. P. 8012.

10. The relief sought by Defendants in their Answer and Counterclaim related to the Helen Kramer Landfill Liability, and was based, among other things, on language in the Sale Order identifying such liability as specifically assumed. Defendants did not seek a general holding that Clean Harbors is a successor to Safety-Kleen. If and to the extent that the Judgment makes such a holding, it is broader than is necessary to grant to Defendants complete relief and greater in scope than the relief requested.

11. Accordingly, cause exists to limit the effect of the Judgment to that which is necessary to grant Defendants complete relief.

WHEREFORE, the parties jointly and mutually respectfully request that the Court enter the Proposed Order, modifying the judgment of the Bankruptcy Court.

Dated: July 24, 2008

Wilmington, Delaware

DUANE MORRIS LLP

*/s/ Michael R. Lastowski*

Michael R. Lastowski (DE3892)
Sommer L. Ross (DE 4598)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:   (302) 657-4900
Facsimile:   (302) 657-4901
E-mail:      mlastowski@duanemorris.com
             slross@duanemorris.com

*Counsel to Plaintiff/Appellant,*
*Clean Harbors, Inc*

BALLARD SPAHR ANDREWS &
INGERSOLL, LLP

*/s/ Tobey M. Daluz*

Tobey M. Daluz, Esquire (No. 3939)
Leslie C. Heilman, Esquire (No. 4716)
919 Market Street, 12th Floor
Wilmington, DE 19801
Telephone:   (302) 252-4465
Facsimile:   (302) 252-4466
E-mail: daluzt@ballardspahr.com
        heilmanl@ballardspahr.com

and

Vincent J. Marriott, III, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:   (215) 665-8500
Facsimile:   (215) 864-9762
E-mail: marriott@ballardspahr.com

*Attorneys for Defendants/Appellees*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : <br> : <br> SAFETY-KLEEN, *et al.*, : <br> : <br> : <br> : <br> CLEAN HARBORS, INC., : <br> : <br> Appellant, : <br> : <br> v. : <br> : <br> ARKEMA, INC., f/k/a ATOFINA CHEMICAL, : <br> INC., and also f/k/a ELF ATOCHEM NORTH : <br> AMERICA, INC., HELEN KRAMER LANDFILL : <br> SUPERFUND SITE GROUP, and BALLARD, : <br> SPAHR, ANDREWS & INGERSOLL, LLP,[1] : <br> : <br> Appellees. : <br> : | Civil Action No. 08-87 (GMS) <br><br> Bankruptcy Case No. 00-02303 (PJW) <br> Adv. Pro. No. 05-50474 <br> Bankruptcy Appeal No. 08-3 |

**ORDER AMENDING JUDGMENT PURSUANT TO FED. R. BANKR. P. 8012**

This matter having come before the Court on the Joint Unopposed Motion of Appellant, Clean Harbors, Inc., and Appellees, Arkema, Inc., f/k/a/ Atofina Chemical, Inc., and also f/k/a Elf Atochem North America, Inc., and Helen Kramer Landfill Superfund Site Group, to Modify the Court's Findings of Fact and Conclusions of Law [D.I. 61] and Judgment Order [D.I. 62], pursuant to Fed. R. Bankr. P. 8012 and the Court

---

[1] Ballard Spahr Andrews & Ingersoll, LLP was dismissed as a defendant in this adversary proceeding as a result of the dismissal of Count III of Clean Harbors Adversary Complaint pursuant to the Bankruptcy Court's Order and Memorandum Opinion, each dated October 19, 2005. *See* Adv. D.I. 15 & 16

DM3\719763.2

having reviewed the Motion [2] and determined that the relief requested in the Motion is warranted; it is hereby Ordered that:

1.  The relief sought in the Motion be, and it hereby is, GRANTED.

2.  Pursuant to Fed. R. Bankr. P. 8012, the Court's Findings of Fact and Conclusions of Law [D.I. 61] and Judgment Order [D.I. 62], both dated January 3, 2008, are both hereby amended to provide that judgment is entered in favor of Defendants and against Clean Harbors solely on the grounds that the Kramer Site appears on Exhibit A to the Sale Order, and not on the grounds that Clean Harbors is a successor to the Debtors.

3.  This Court shall retain jurisdiction to decide any disputes arising with respect to the terms and conditions of this Order.

Dated: Wilmington, Delaware
_____, 2008

_____
Honorable Gregory M. Sleet
United States District Court Judge

---

[2] Unless otherwise indicated, all capitalized terms used herein shall have the meanings ascribed to them in the Motion.

2

DM3\719763.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>SAFETY-KLEEN, *et al.*,<br><br>―――――――――――――――――<br><br>CLEAN HARBORS, INC.,<br><br>   Appellant,<br><br>   v.<br><br>ARKEMA, INC., f/k/a ATOFINA CHEMICAL, INC., and also f/k/a ELF ATOCHEM NORTH AMERICA, INC., HELEN KRAMER LANDFILL SUPERFUND SITE GROUP, and BALLARD, SPAHR, ANDREWS & INGERSOLL, LLP,<br><br>   Appelle. | Civil Action No. 08-87<br><br><br>Bankruptcy Case No. 00-02303 (PJW)<br>Adv. Pro. No. 05-50474<br>Bankruptcy Appeal No. 08-3 |

## CERTIFICATE OF SERVICE

I, Michael R. Lastowski, certify that I am not less than 18 years of age, and that service of a copy of the preceding Joint Unopposed Motion of Appellant and Appellees for Modification of Judgment was made on July 24, 2008 upon the following individuals in the manner indicated:

**Via Hand Delivery**
Tobey M. Daluz, Esquire
Leslie C. Heilman, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801

**Via First Class Mail, Postage Prepaid**
Vincent J. Marriot, III, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

**Via Hand Delivery**
Clerk's Office
United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801

**Via Hand Delivery**
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

Under penalty of perjury, I declare the foregoing is true and correct.

Dated: July 24, 2008
      Wilmington, Delaware

*/s/ Michael R. Lastowski*
Michael R. Lastowski (DE 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:  mlastowski@duanemorris.com